STATE of Wisconsin, Plaintiff-Respondent,

v.

Theodore CHAMBERS, Defendant-Appellant.†

Court of Appeals

*No. 91-2948-CR.  Submitted on briefs August 13, 1992.—Decided December 15, 1992.*

(Also reported in — N.W.2d —.)

†Petition to review dismissed.

238

239

For the defendant-appellant the cause was submitted on the briefs of *Jeffrey W. Jensen,* of Milwaukee, Wisconsin.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general, with *James M. Freimuth,* assistant attorney general, of Madison, Wisconsin.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

SULLIVAN, J.   Theodore Chambers appeals from a judgment of conviction and sentence of three counts of first-degree sexual assault, party to a crime, in violation of secs. 940.225(1)(c) and 939.05, Stats. The jury also found Chambers not guilty of three charges of first-degree sexual assault, party to a crime. All charges stemmed from one event. The trial court imposed three consecutive sentences of fifteen years.

On appeal, Chambers contends that:

(1) the evidence was insufficient to sustain the jury findings of guilt;

(2) the Information violated his right of due process by failing to inform him of the charges against him and because it was duplicitous;

(3) the trial court abused its discretion in permitting the victim to testify to sex acts in addition to those which were the subject of the Information, thereby depriving Chambers of his right to a unanimous verdict;

(4) multiplicity in charging violated his right against double jeopardy guaranteed by the Fifth Amendment to the United States Constitution and Article I, sec. 8 of the Wisconsin Constitution; and,

(5) the consecutiveness of the sentences shocked the community conscience and hence constituted an abuse of sentencing discretion.

We reject Chambers' arguments and affirm.

## FACTS

Chambers and his brother left the home of a mutual friend early one evening in the brother's car. Also in the car was the victim, a nineteen-year-old emotionally disturbed woman who functioned at a fourth-grade educational level. The victim had previously had voluntary sexual contact with Chambers' brother.

While in the vehicle, the men touched the victim's breasts and vaginal area despite her objection. They took her to a public park, and over a period of approximately three hours, had numerous sexual contacts including penis-to-vagina and penis-to-anus contacts.[1] Chambers testified that the victim had consented to sexual contact with him, but that he was unable to achieve an erection. His brother, he asserted, was the only one who had sexual intercourse with the victim. After the assaults, Chambers and his brother drove the victim home.

---

[1] The victim also testified at trial to one act of penis-to-mouth contact, however, the jury found the Chambers and his brother not guilty of the two counts which charged this particular violation of sec. 940.225(1)(c), Stats.

The victim testified that both men assaulted her, that she did not consent and that she was beaten into submission. She testified to twelve or more separate acts of vaginal, anal and oral penetration. A medical examination conducted the day after the incident revealed that the victim had severe bruises over her body and face. Joseph Lagerman, a Milwaukee police detective who had investigated over two hundred sexual assault cases, testified that the victim was "probably the most bruised and battered" that he had ever seen.

The State charged both Chambers and his brother identically. All six counts charged the men with first-degree sexual assault, in violation of sec. 940.225(1)(c), Stats.[2] Counts one and two charged penis-to-vagina assaults and count three charged a penis-to-anus assault. The jury found Chambers guilty on these three counts. Counts four and six charged the brothers with penis-to-mouth assaults and count five charged a second penis-to-anus assault. The jury found Chambers not guilty on these counts.

## I. SUFFICIENCY OF EVIDENCE

Chambers argues that the evidence was insufficient because the jury found him guilty of only three counts of the Information, thereby proving that it rejected at least part of the victim's testimony. Chambers contends that the jury did not differentiate among the acts for which he was found guilty and those for which he was found not guilty. He further argues that there is no conceptual or factual difference among the numerous acts to which

---

[2] The original Information charged the men with six violations of sec. 940.225(1)(c), Stats. The State filed an amended Information which was identical to the first except for the addition of the party-to-a-crime statute, sec. 939.05, Stats., to each of the six counts.

the victim testified. He asserts that the State must tie specific evidence to each finding of guilt. Chambers declares in his brief: "Either it happened the way [the victim] testified (in which case the defendants were guilty of at least six counts); or it happened the way Chambers testified, with consent (in which case they are guilty of nothing)."

We reject Chambers' analysis and decline to indulge in metaphysical speculation on what basis the jury returned three guilty and three not guilty verdicts.[3] On review of a jury verdict, this court may not substitute its own judgment for that of the jury unless the evidence, "viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752, 755 (1990).

Chambers' argument regarding the sufficiency of the evidence derives from the fact that the imprecise wording of the amended Information and verdict creates an uncertainty as to whether Chambers was found guilty as a principal or as an aider. Each of the counts charged Chambers with the substantive offense and as a party to the crime. Although Chambers was charged with six counts of sexual assault, the jury heard evidence of twelve or more acts. In several acts, Chambers was por-

---

[3] The elements of a crime under sec. 940.225(1)(c), Stats., consist of: (1) sexual contact or intercourse between Chambers (or his aider or abettor, here his brother) and the victim; (2) the victim's non-consent to the contact or intercourse; (3) the contact or intercourse by Chambers or his brother was by use or threat of force or violence; and (4) that Chambers was aided by one or more other persons. *See* Wis J I—Criminal 1204.

trayed as the principal actor, and in others, as an aider. Thus, the jury was presented with different evidentiary facts that supported alternative modes of proof.

In *State v. Crowley*, 143 Wis. 2d 324, 329, 422 N.W.2d 847, 849 (1988), the supreme court stated:

> We conclude that, when alternative methods of proof resting upon different evidentiary facts are presented to the jury, it is necessary, in order to sustain a conviction, for an appellate court to conclude that the evidence was sufficient to convict beyond a reasonable doubt upon both of the alternative modes of proof.

Thus, where a jury is presented with alternative modes of proof, we will not overturn the jury's verdict unless the evidence as to *any mode of proof*, viewed most favorably to the state and the conviction, is so incredible or lacking in probative value that no trier of fact could reasonably conclude that the defendant is guilty beyond a reasonable doubt. *See id.* at 344-45, 422 N.W.2d at 856. Therefore, in order to sustain Chambers' conviction, we are required to determine that the evidence was sufficient to convict on all alternative methods of proof.

Counts one and two of the amended Information charge Chambers with sexual assault via vaginal intercourse. Because he was charged as a party to a crime, a conviction may rest upon his direct or indirect participation in the act. Therefore, with regard to counts one and two, the evidence must be sufficient to convict him under three different scenarios: (1) as an aider in both counts; (2) as a principal actor in both counts; and (3) as an aider in one count and a principal actor in the other

247

count. We determine that the evidence supported convictions under each of these scenarios.

The victim testified that Chambers directly engaged in three individual acts of penis-to-vagina intercourse and his brother engaged in five such acts. She further testified to acts of violence by both brothers designed to insure her submission. These violent acts included verbal threats, slapping, kicking and hair-pulling. The acts of violence were further evidenced by the testimony of witnesses who observed the victim's injuries on the day after the assault. The evidence of the verbal threats, slaps, kicks and other acts of physical force by Chambers during this three-hour period is sufficient to support findings that he aided in all of the assaults in which his brother was the principal actor. *Cf. State v. Jaworski,* 135 Wis. 2d 235, 240, 400 N.W.2d 29, 31 (Ct. App. 1986) (an initial threat is effective to support multiple sexual assaults against the same victim over several days).

■

We find the evidence to be sufficient to support a finding of guilt as to counts one and two because credible evidence before the jury establishes that Chambers and his brother each engaged in *at least* two penis-to-vagina assaults and that they each aided in *at least* two such acts. We conclude that the evidence supports Chambers' two convictions of penis-to-vagina assault either as a principal or as an aider.

In counts three and five, the amended Information charged Chambers and his brother as parties to the crime of penis-to-anus first-degree sexual assault. Chambers' conviction on count three and acquittal on count five creates four possibilities: (1) the jury convicted Chambers as a principal on one count and acquitted him as an aider; (2) it convicted him as a principal on one count and acquitted him as a principal; (3) it convicted

him as an aider on one count and acquitted him as a principal; or (4) it convicted him as an aider on one count and acquitted him as an aider.

For the conviction to stand, the record must show that the evidence is sufficient to support all alternative modes of proof that is, that each brother committed at least one penis-to-anus assault and that Chambers was guilty of one such act as a principal and one as an aider. The victim testified that each brother had directly engaged in at least two to three separate incidents of penis-to-anus intercourse with her. As we have already stated, the threats and use of violence by the brothers are sufficient to support a finding that Chambers had aided in all of the assaults in which his brother was the principal actor. Therefore, the evidence supports Chambers' conviction of penis-to-anus assault either as a principal or as an aider.

In conclusion, the jury was presented with alternative modes of proof as to the counts on which they found Chambers guilty, both on the penis-to-vagina assaults and on the penis-to-anus assault. We determine that the evidence presented to the jury was sufficient to support each conviction and all modes of proof.

## II. SUFFICIENCY OF THE INFORMATION

Chambers contends that the charges contained in the amended Information were duplicitous and violative of his due process rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, secs. 7 and 8 of the Wisconsin Consti-

249

tution.[4] He argues that the charges against him were duplicitous because the amended Information "charged as six counts what w[ere] really at least twelve separate crimes."

When charging a defendant who has engaged in a series of separate offenses which may properly be viewed as one continuing offense, "it is within the state's discretion to elect whether to charge 'one continuous offense or a single offense or series of single offenses.'" *State v. Lomagro,* 113 Wis. 2d 582, 587, 335 N.W.2d 583, 587 (1983) (quoting *State v. George,* 69 Wis. 2d 92, 100, 230 N.W.2d 253, 257-58 (1975)). In the present case, the acts charged in the amended Information involved the same actors and all within a few hours time. The State, therefore, had discretion to charge the acts as a series of offenses, but was not required to charge each individual act of penetration as a separate count.

However, the State's discretion is limited by the prohibition against duplicity. *Lomagro,* 113 Wis. 2d at 588, 335 N.W.2d at 587. Duplicity is the charging of several crimes in a single count. *Id.* at 586, 335 N.W.2d at 587. In *Lomagro,* the supreme court stated the dangers of duplicitous charging: "that the defendant may not be properly notified of the charges against him, that he may be subjected to double jeopardy, that he may be prejudiced by evidentiary rulings during the trial, and that he may be convicted by a less than unanimous verdict." *Id.* at 588, 335 N.W.2d at 587-88 (quoting

---

[4] The Sixth Amendment provides in part: "[T]he accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." Article I, sec. 7 of the state constitution provides in part: "[T]he accused shall enjoy the right . . . to demand the nature and cause of the accusation against him."

*United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir. 1980), *cert. denied*, 449 U.S. 843 (1980)). A complaint is duplicitous only where "any of these dangers are present and cannot be cured by instructions to the jury." *Lomagro*, 113 Wis. 2d at 589, 335 N.W.2d at 588.

Chambers claims that each of the dangers affected his trial. We first address the sufficiency of the Information.[5]

Two factors are considered in determining the sufficiency of a criminal charge: (1) whether the accusation is such that the defendant can determine whether it states an offense to which he can plead and prepare a defense; and (2) whether an acquittal or conviction would bar another prosecution for the same offense. *State v. Fawcett*, 145 Wis. 2d 244, 251, 426 N.W.2d 91, 94 (Ct. App. 1988). The sufficiency of a pleading presents a legal issue which we decide without deference to the trial court. *Id.* at 250, 426 N.W.2d at 94. Whether deprivation of a constitutional right has occurred presents an issue of constitutional fact which also is subject to independent appellate review. *Id.*

*(a) Adequacy of Notice.*

Chambers first argues that the Information was insufficient because he was unable to adequately prepare a defense. He contends that he could not determine which six acts, of the approximately twelve to sixteen acts, he had to defend. We reject Chambers' argument that he should have been charged either with one count

---

[5] This discussion encompasses the first two dangers recognized in *Lomagro* that the defendant may not be properly notified of the charges, and may be subjected to double jeopardy. The issues of prejudicial evidentiary rulings and the absence of a unanimous verdict are addressed later in this opinion.

of sexual assault as a "continuous event," or with twelve or more individual counts (one count for each assault).

Chambers' theory of defense was that the victim consented, and that he ultimately did not perform the acts due to his inability to achieve an erection. Chambers' theory of defense was not based upon distinctions among the various acts or the nature of his participation. Chambers does not reveal, and we are at a loss to know, how he was in a worse position for being charged with six crimes rather than a larger number, nor is it apparent how his preparation of a defense would have been made easier or his plea less difficult.

Before trial, Chambers moved for a "bill of particulars" that would require the State to match specific conduct to each charge. In response, the State moved to amend the Information to allege that each brother was a principal actor and that each was an aider for each type of assault; i.e. penis-to-vagina, penis-to-anus and penis-to-mouth. The trial court granted the motion, and the State filed an amended Information. The amended Information, however, failed to distinguish the counts that charged Chambers as a principal actor from the counts that charged Chambers as an aider. However, this uncertainty was adequately addressed by the State's in-court explanation of the amended Information that gave Chambers actual notice of each offense charged. *Cf. State v. Flakes*, 140 Wis. 2d 411, 419, 410 N.W.2d 614, 617 (Ct. App. 1987) (amendment of complaint properly allowed at the close of State's evidence where defendant had actual notice of the crime charged).

Thus, because Chambers had actual notice of the charges against him, and because his defense was not at all based upon the distinctions among various acts, we

conclude that he was able to adequately plead and prepare a defense.

*(b) Double Jeopardy.*

Chambers also contends that the Information was insufficient because a conviction or acquittal does not bar future prosecution for the same offense. We conclude that the amended Information preserves Chambers' right against double jeopardy. A court may tailor double jeopardy protection by tracking the time period of an earlier prosecution. *Fawcett*, 145 Wis. 2d at 255, 426 N.W.2d at 96. The double jeopardy protection in this case would clearly apply to any further sexual assault charges arising out of the incident which occurred between approximately 7:30 and 10:30 p.m. on September 4, 1990, in Pulaski Park in Milwaukee. Chambers' double jeopardy right can be addressed at any future prosecution based on this event. However, there is no realistic threat of double jeopardy in this case. As the State concedes, the "defendant may not again be charged for sexual assault of [this victim] for any alleged acts at this time and place."

In conclusion, because we determine that Chambers had adequate notice of the charges against him, and because his double jeopardy rights are adequately protected, we find no support for his claim of duplicity.

## III. EVIDENCE OF OTHER SEX ACTS

Chambers argues that the trial court erred in allowing the victim to testify to more than six acts of sexual contact. He asserts that once sufficient evidence was presented to the jury establishing guilt on six charges, any additional evidence was immaterial and

prejudicial. Chambers also argues that admission of the entire event into evidence, approximately twelve to sixteen sexual contacts, deprived him of a unanimous verdict.

We reject Chambers' arguments and determine that: (1) the trial court did not abuse its discretion when it admitted the victim's account of the entire event into evidence; and (2) the trial court's cautionary instruction secured Chambers' right to a unanimous verdict.

*(a) Admission of Evidence.*

Chambers argues that the trial court erroneously allowed the victim to testify to more than six acts of sexual contact. He argues that this evidence was improperly admitted under sec. 904.04(2), Stats., and was unfairly prejudicial.

Section 904.04(2), Stats., states that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." The rule, however, specifically states that it is not designed to exclude evidence which is offered for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Section 904.04(2).

Chambers argues that evidence of sexual contact, in excess of the first six contacts, was precisely the type of evidence which sec. 904.04(2) is designed to exclude. At trial, after the victim testified to the first six acts of sexual contact, Chambers objected to any further testimony of other acts. Counsel stated, "I just did it . . . sort of in chronological order until we got the six. After that, the evidence is of criminal activity with which the defendants are not charged and since they're not

charged, it's not relevant." The trial court, however, disagreed and explained that the evidence related to the party to a crime aspect of the offenses, and that the evidence was admissible under several of the proper purposes enumerated in sec. 904.04(2).

On appeal, this court reviews a trial court's evidentiary rulings under an abuse of discretion standard. *State v. Pharr*, 115 Wis. 2d 334, 342, 340 N.W.2d 498, 501 (1983). As stated by our supreme court, "[t]his court will not find an abuse of discretion if there is a reasonable basis for the trial court's determination." *Id.* We determine that such a reasonable basis did exist, and therefore, no abuse of discretion occurred.

In *State v. Schillcutt*, 116 Wis. 2d 227, 236, 341 N.W.2d 716, 720 (Ct. App. 1983), *aff'd*, 119 Wis. 2d 788, 350 N.W.2d 686 (1984), we determined that, in addition to the enumerated exceptions found in sec. 904.04(2), another valid basis for the admission of other crimes evidence is to furnish the context of the crime if necessary to the full presentation of the case. We stated:

> Section 904.04(2), Stats., does not prohibit the admission of other crimes evidence if *"offered for other purposes, such as* proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Emphasis added.) We hold, as did the courts interpreting Rule 404(b) of the Federal Rules of Evidence, that the listing of circumstances under sec. 904.04(2) for which the evidence is relevant and admissible is not exclusionary but, rather, illustrative. Also, as did the federal courts, we hold that an "accepted basis for the admissibility of evidence of other crimes arises when such evidence 'furnishes part of the context of the crime' or is necessary to a 'full presentation' of the case . . . ."

*Schillcutt*, 116 Wis. 2d at 236, 341 N.W.2d at 720 (citations omitted) (quoting *United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980)).

In this case, all of the sexual assaults occurred within approximately a three-hour period and involved the same three people Chambers, his brother, and the victim. Limiting the evidence to only the first six sexual contacts would leave the jury with an incomplete understanding of the incident. We determine that all evidence of the brothers' attacks against the victim at the time and place of the crimes is both contextual and necessary to a full presentation of the case.

Chambers also argues that the trial court erred in admitting the evidence of the "other acts" because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See* sec. 904.03, Stats. Because Chambers objected to only the relevance of the evidence at trial and not to its allegedly prejudicial nature, he has not preserved the sec. 904.03 challenge for appeal. *See* sec. 901.03, Stats. Therefore, we decline to address it.

*(b) Unanimity of the Verdict.*

Chambers asserts that the admission of the victim's testimony as to more than six sexual contacts denied him the right to a unanimous verdict. Chambers argues that there is no certainty that the jury was unanimous in its three findings of guilt.

Our supreme court has long held that the right to a jury trial as guaranteed by the Wisconsin Constitution, art. I, secs. 5 and 7, includes the right to a unanimous verdict as to each crime. *Lomagro*, 113 Wis. 2d at 590,

335 N.W.2d at 588-89. The court explained that where the jury has been presented with evidence of more than one crime, the verdict must be unanimous as to each crime. *Id.* at 592, 335 N.W.2d at 589.

The jury in this case was presented with evidence of multiple crimes by two actors and alternate means of committing the acts, i.e., various methods of sexual assault. Two of the three counts on which the jury found guilt specifically required that the defendant be found guilty of penis-to-vagina assault of the victim, and the third count specified penis-to-anus assault. However, because of the multiple counts, and the party to a crime charge, the jury could have assigned guilt to the defendant under several different theories as to which of the brothers was the principal actor and which was the aider.[6]

A similar issue was presented in *State v. Marcum*, 166 Wis. 2d 908, 480 N.W.2d 545 (Ct. App. 1992). In *Marcum*, we reversed one of the defendant's two convictions for sexual assault on the grounds that the lack of specificity of the verdict form violated the defendant's Sixth Amendment right to a unanimous verdict and his Fifth Amendment right to due process. *Id.* at 919-24, 480 N.W.2d at 551-53. These violations occurred because the verdicts were so vague that "any combination of jury findings [could] suffice for conviction." *Id.* at 924, 480 N.W.2d at 553. The vagueness of the verdict, when coupled with the standard unanimity instruction,[7] allowed

---

[6] This uncertainty as to the principal/aider theory is also addressed in the discussion involving the sufficiency of the evidence, above.

[7] Wis J I—Criminal 515 states:

This is a criminal, not a civil case; therefore, before the jury may return a verdict which may legally be received, such verdict must be

the jury to use the evidence in an unconstitutional manner. *Id.* at 922, 480 N.W.2d at 552.

In *Marcum,* we made an important observation that explains why the present case does not exhibit the same constitutional violation that mandated reversal in that case: "We acknowledge that any unanimity problem could have been avoided by an instruction telling the jurors that they must be unanimous about the specific act that formed the basis for each count." *Id.* at 918, 480 N.W.2d at 551. Such an instruction was in fact given in the present case.

The trial court explained to the jury the elements of a sec. 940.225(1)(c) offense and defined "party to a crime" under sec. 939.05, Stats. The court admonished the jury to consider each defendant and each count separately. Then the trial court continued, providing the following instruction that was essential to assure unanimous verdicts in this case:

> Now, this is a criminal and not a civil case. The distinction is that in a criminal case, before a jury may return a verdict which can legally be received, such verdict must be reached unanimously.
>
> And the defendants are charged with six counts of first degree sexual assault. However, evidence has been introduced of more than six acts, any one of which may constitute a first degree sexual assault.
>
> Before you may return a verdict of guilty on any count as to any defendant, all twelve jurors must be satisfied beyond a reasonable doubt that the defendant committed the same act and that the act constituted the crime charged in the Information.

Although the verdict could have easily suffered from the same unanimity problem that was present in *Mar-*

---

reached unanimously. In a criminal case all 12 jurors must agree in order to arrive at a verdict.

*cum*, the trial court, through its careful instruction, adequately charged the jury as to the requirement that the verdict must be unanimous as to "the same act" constituting each count. We presume that the jury followed the court's instruction in reaching its verdict. *See State v. Deer*, 125 Wis. 2d 357, 364, 372 N.W.2d 176, 181 (Ct. App. 1985). Chambers has failed to overcome the presumption.

In conclusion, we determine that the admission of the entire event into evidence was not improper or prejudicial, nor did it affect the unanimity of the verdict. Thus, neither of these claims can support a claim of duplicitous charging. *See Lomagro*, 113 Wis. 2d at 588, 335 N.W.2d at 587-88.

## IV. MULTIPLICITY

Chambers argues that multiplicitous charging has subjected him to multiple punishments for the same offense in violation of his double jeopardy rights. Whereas Chambers' duplicity claim involved the question of whether the amended Information was sufficient to prevent future charging in violation of his double jeopardy rights, a multiplicity claim raises the question of whether the defendant's double jeopardy rights have already in fact been violated due to improper charging and conviction.

The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution, and Article I, sec. 8 of the Wisconsin Constitution,[8] provide three pro-

---

[8] The Fifth Amendment provides in part: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Article I, sec. 8(1) of the state constitution provides in part: "[N]o person for the same offense may be twice put

tections: "protection against a second prosecution for the same offense after acquittal; protection against a second prosecution for the same offense after conviction; and protection against multiple punishments for the same offense." *State v. Sauceda,* 168 Wis. 2d 486, 492, 485 N.W.2d 1, 3 (1992). Multiplicity is the charging of a single offense in separate counts, *Harrell v. State,* 88 Wis. 2d 546, 555, 277 N.W.2d 462, 464-65 (Ct. App. 1979), and is violative of the third of these protections—the protection against multiple punishments for the same offense.

Chambers argues that he was convicted on multiplicitous charges. Chambers states the issue as follows:

> "Where 'Defendant A' performs an act of unconsented oral sexual intercourse, while 'Defendant B' performs an act of unconsented anal intercourse; may each defendant be convicted of both sexual assault under sec. 940.225(1)(c) **and also** as a party to the crime of the other under sec. 939.05 Wis. Stats.?"

The criminal complaint alleged that Chambers' brother had penis-to-anus intercourse with the victim while Chambers had penis-to-mouth intercourse. The victim testified to the simultaneous acts at the preliminary hearing. However, at trial, the jury heard no testimony regarding simultaneous sex acts. Furthermore, the jury found both Chambers and his brother not guilty of the penis-to-mouth assault. Therefore, as a practical matter, Chambers could not possibly have been convicted and punished for the simultaneous sex act that he describes.

---

in jeopardy of punishment." The federal and state provisions are almost identical. *State v. Sauceda,* 168 Wis. 2d 486, 492, 485 N.W.2d 1, 3 (1992).

Thus, even if the original charges were multiplicitous, the final jury verdict, and subsequent punishment, do not violate Chambers' right to be free of multiple punishments for the same offense.[9]

## V. SENTENCING

Chambers argues that the excessiveness of his sentence shocks the conscience of the community and therefore is an abuse of the trial court's sentencing discretion. Particularly, he urges that its consecutiveness is most offensive and should be limited to those cases where the trial court makes a finding that such a term is necessary to the public safety.

We do not address this portion of the appeal because Chambers has not filed a post-conviction motion with, and secured an order from, the trial court. "To obtain review of a sentence 'as a matter of right,' the defendant must move for sentence modification under Rule 809.30, Stats." *State v. Hayes*, 167 Wis. 2d 423, 425, 481 N.W.2d 699, 700 (Ct. App. 1992).

---

[9] Although Chambers claims that this double jeopardy issue does not dissolve as a result of the outcome of the subsequent proceedings, he cites no authority for this proposition, and we decline to address the issue further except to say that our research would point us to the contrary conclusion. For example, in *United States v. Goff*, 847 F.2d 149, 176 (5th Cir. 1988), *cert. denied*, 488 U.S. 932 (1988), the defendant argued that he was subjected to multiple punishments in violation of the Double Jeopardy Clause because three of the seven charges on which he was convicted resulted from only one offense. After finding insufficient evidence to support the conviction on two of the three counts in question, the Fifth Circuit dismissed defendant's argument as moot.

*By the Court.*—Judgment affirmed.