State of Wisconsin, Plaintiff-Respondent,
v.
Terry G. Seitz, Defendant-Appellant.
No. 03-1019-CR.
Court of Appeals of Wisconsin.
Opinion Filed: March 11, 2004.
¶1. DEININGER, P.J.[1]
Terry Seitz appeals a judgment of conviction for third-offense operating a motor vehicle while under the influence of an intoxicant (OMVWI). He argues that the trial court erroneously exercised its sentencing discretion by relying exclusively on the Fifth Judicial District Sentencing Guidelines in contravention of the holding in State v. Jorgensen, 2003 WI 105, 264 Wis. 2d 157, 667 N.W.2d 318,[2] and by failing to consider other relevant sentencing factors as required by McCleary v. State, 49 Wis. 2d 263, 182 N.W.2d 512 (1971). Because Seitz did not move the trial court for sentence modification, however, he has forfeited his opportunity to challenge his sentence in this court. Accordingly, we affirm.

BACKGROUND
¶2. Seitz pled no contest to third-offense OMVWI. The State recommended a sentence consistent with the Fifth Judicial District Sentencing Guidelines for third-offense OMVWI with an alcohol concentration test result of .249. The trial court adopted the State's recommendation and sentenced him to a ninety-day jail term with Huber privileges and a fine of $3,000, plus costs, surcharges, and assessments. Seitz filed a timely notice of his intention to pursue postconviction relief and a notice of appeal.

ANALYSIS
¶3. The sole issue Seitz raises on appeal is whether the trial court failed to properly exercise its sentencing discretion, when, according to Seitz, the court based its sentence exclusively on the Fifth Judicial District Sentencing Guidelines and "declined to consider the other factors relevant to sentencing under McCleary." Seitz did not, however, move the trial court for sentence modification under either Wis. Stat. Rule 809.30 or Wis. Stat. § 973.19, and that omission is fatal to his appeal.
¶4. The supreme court has explained that when "[t]he record reveals that no motion was made before the trial court challenging the sentence on the ground of abuse of the trial court's sentencing discretion ... the defendant has lost the right to review sentencing on the ground of abuse of discretion." Sears v. State, 94 Wis. 2d 128, 140, 287 N.W.2d 785 (1980). This court has also so concluded:
To obtain review of a sentence "as of right," the defendant must move for sentence modification under Rule 809.30, Stats., or under sec. 973.19, Stats. The sentence modification rule is part of the larger rule "that for issues on appeal to be considered as a matter of right, postconviction motions must be made except in challenges to the ... `sufficiency of the evidence or issues previously raised.'"
State v. Hayes, 167 Wis. 2d 423, 425-26, 481 N.W.2d 699 (Ct. App. 1992) (citations omitted); see also State v. Chambers, 173 Wis. 2d 237, 261, 496 N.W.2d 191 (Ct. App. 1992).
¶5. Seitz provides no justification for us to depart from the waiver rule in this case and we have not discerned one in our review of the record.

CONCLUSION
¶6. For the reason noted above, we affirm the appealed judgment.
By the Court. Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] The supreme court concluded in State v. Jorgensen, 2003 WI 105, ¶27, 264 Wis. 2d 157, 667 N.W.2d 318, that it is an erroneous exercise of discretion for a sentencing court "to simply apply [judicial district sentencing] guidelines as the sole basis for its sentence" on an OMVWI conviction. The trial court imposed Seitz's sentence before Jorgensen was decided.