STATE of Wisconsin, Plaintiff-Respondent,

v.

Larry R. DOWE, Defendant-Appellant.†

Court of Appeals

*No. 95–0314–CR. Submitted on briefs August 31, 1995.—Decided October 25, 1995.*

(Also reported in 541 N.W.2d 218.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Bryan J. Borman*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Stephen W. Kleinmaier*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J. The appellant, Larry R. Dowe, contends that the State's multiple prosecution of him for the crimes of possession of a controlled substance with intent to deliver pursuant to § 161.41(1m), STATS., and failure to display a tax stamp pursuant to § 139.95(2), STATS., violates his double jeopardy protections under the federal and state constitutions.

Specifically, Dowe contends that possession of a controlled substance with intent to deliver is a lesser-included offense of a tax stamp violation. In a nonfinal order, the trial court disagreed. We affirm the trial court's ruling and remand for further proceedings.[1]

The facts are simply stated. Following a bindover at a preliminary hearing, the State filed an information charging Dowe with the two crimes. Dowe countered with a motion to dismiss, contending that the multiple prosecution violated his double jeopardy rights because the possession with intent to deliver charge is a lesser-included offense of the tax stamp charge. The trial court denied Dowe's motion. This appeal ensued.

Whether the State's multiple prosecutions violate Dowe's double jeopardy protections under the Fifth Amendment to the United States Constitution and Article I, Section 8 of the Wisconsin Constitution is a question of law that we decide de novo. *See State v. Sauceda*, 168 Wis. 2d 486, 492, 485 N.W.2d 1, 3 (1992).

A defendant cannot be convicted under more than one statute for the same criminal act if one crime is an included crime of the other. *State v. Eastman*, 185 Wis. 2d 405, 411, 518 N.W.2d 257, 259 (Ct. App. 1994). An offense is a "lesser-included" offense if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the "greater" offense. *State v. Carrington*, 134 Wis. 2d 260, 265, 397 N.W.2d 484, 486 (1986); § 939.66(1), STATS. "If one of the charged offenses is not considered a lesser included offense of the other, then

---

[1] We previously granted Dowe's petition for leave to appeal the trial court's nonfinal order denying his motion to dismiss the action.

this court will conclude that the legislature intended to permit cumulative punishments for both offenses unless other factors clearly indicate a contrary legislative intent." *Eastman*, 185 Wis. 2d at 411, 518 N.W.2d at 259.

■

We conclude that possession of a controlled substance with intent to deliver is not a lesser-included offense of a tax stamp violation. The crime of possession with intent to deliver requires the State to prove, inter alia, that the defendant actually intended to deliver what he or she *knew* or believed to be marijuana. *See* WIS J I—CRIMINAL 6020. The tax stamp statute, by contrast, requires the State to prove, inter alia, that the defendant is a "dealer" within the meaning of § 139.87(2), STATS., and that the defendant has not paid the appropriate tax on the controlled substance. *See* § 139.95(2), STATS. The term "dealer" under § 139.87(2) includes an individual who possesses more than 42.5 grams of marijuana. *See* WIS J I—CRIMINAL 6009. Possession of a controlled substance with intent to deliver requires no such proof. From this comparison, it is self-evident that these crimes require the State to prove different elements.

Dowe seems to reason that because the tax stamp violation requires the State to prove that he is a "dealer" in violation of ch. 161, STATS., and because possession with intent to deliver is recited in ch. 161, the latter is a lesser-included offense of the former. However, as our previous discussion reveals, a tax stamp "dealer" must not only perform certain acts recited in ch. 161, but must also do so with regard to a minimum threshold amount of contraband. *See* § 139.87(2), STATS. And, as that discussion further reveals, the State is not required to prove such thresh-

old amount of contraband as an element of possession with intent to deliver. *See* § 161.41(1m), STATS.

We acknowledge that in a given multiple-prosecution case as this, the evidence might show the requisite amount of contraband. However, such does not establish a double jeopardy violation. A double jeopardy "elements only" analysis focuses on the statutes defining the offenses, not the facts of a given defendant's activity. *See Carrington*, 134 Wis. 2d at 264, 397 N.W.2d at 486. As we have demonstrated, these offenses require the State to prove different elements. Thus, these multiple prosecutions do not violate Dowe's double jeopardy protections.[2]

Alternatively, Dowe asks that we fashion a stricter interpretation of Wisconsin's constitutional double jeopardy provision than that given to the federal provision. However, Wisconsin's constitutional protection against double jeopardy is guided by the rulings of the United States Supreme Court concerning the federal constitutional provision. *See State v. Kurzawa*, 180 Wis. 2d 502, 522, 509 N.W.2d 712, 721, *cert. denied*, 512 U.S. —, 114 S. Ct. 2712 (1994). Those rulings apply the

---

[2] If the multiple offenses survive the "elements only" double jeopardy analysis, a presumption exists that the legislature intended to permit cumulative punishments. *State v. Sauceda*, 168 Wis. 2d 486, 495, 485 N.W.2d 1, 4 (1992). This presumption is overcome by the demonstration of a contrary legislative intent. *See id.* at 495, 485 N.W.2d at 5. We construe Dowe's appellate challenge as traveling only to the first prong of this analysis. Since we have concluded that the offenses are different, we do not discuss whether the legislature nonetheless did not intend to allow multiple prosecutions or punishments.

*Blockburger*[3] "elements only" test, and our supreme court has applied a similar analysis when construing Wisconsin's constitutional double jeopardy provision. *See Kurzawa*, 180 Wis. 2d at 525, 509 N.W.2d at 721-22. We are principally an error-correcting court and we are bound by the decisions of our supreme court. *State v. Donner*, 192 Wis. 2d 305, 316, 531 N.W.2d 369, 374 (Ct. App. 1995). We reject Dowe's request to change existing supreme court law on this point.

We affirm the trial court's nonfinal order and we remand for further proceedings on the charges recited in the information.

*By the Court.*—Order affirmed.

---

[3] *Blockburger v. United States*, 284 U.S. 299 (1932).