STATE of Wisconsin, Plaintiff-Respondent,

v.

Larry R. DOWE, Defendant-Appellant-Petitioner.

Supreme Court

*No. 95–0314–CR.  Oral argument September 10, 1996.—Decided January 24, 1997.*

(Also reported in 557 N.W.2d 812.)

· For the defendant-appellant-petitioner there were briefs and oral argument by *Bryan J. Borman,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Stephen W. Kleinmaier,* assistant attorney general,

with whom on the brief was *James E. Doyle,* attorney general.

Amicus curiae brief was filed by *Robert R. Henak* and *Shellow, Shellow & Glynn, S.C.*, Milwaukee for the Wisconsin Association of Criminal Defense Lawyers.

¶ 1. ANN WALSH BRADLEY, J. This case is before the court on a petition for review filed by the defendant, Larry R. Dowe. The defendant seeks review of a court of appeals' decision[1] affirming a non-final order of the circuit court for Waukesha County, Marianne E. Becker, Judge, denying his motion to dismiss. The defendant argues that because possession of marijuana with intent to deliver[2] is a lesser-included offense of being a dealer in possession of marijuana without a tax stamp,[3] the State's act of charging him with both offenses constitutes double jeopardy.

¶ 2. In *State v. Hall*, 207 Wis. 2d 54, 557 N.W.2d 778 (1997), this court held that the drug tax stamp statute is unconstitutional. Thus, we do not reach the double jeopardy issue presented in this case, because the defendant cannot be prosecuted for being a dealer in possession of marijuana without a tax stamp. Instead, we reverse and remand to the circuit court for further proceedings on the charge of possession of marijuana with intent to deliver and with directions to dismiss with prejudice the drug tax stamp charge.

[1] *State v. Dowe*, 197 Wis. 2d 848, 541 N.W.2d 218 (1995).

[2] Wis. Stat. § 161.41(1m)(h)1 (1991–92).

[3] Wis. Stat. § 139.95(2) (1991–92).

*By the Court.*—Reversed and cause remanded with directions.