STATE of Wisconsin, Plaintiff-Respondent,

v.

Isaac HUGHES, Defendant-Appellant.†

Court of Appeals

*No. 00–3176–CR. Submitted on briefs August 7, 2001.—Decided September 11, 2001.*

2001 WI App 239

(Also reported in 635 N.W.2d 661.)

† Petition to review denied 11-27-01.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James Rebholz* and *Ann Auberry* of *Rebholz, Auberry & Malone,* Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Lara M. Herman,* assistant attorney general.

Before Fine, Schudson and Curley, JJ.

¶ 1. FINE, J. Isaac Hughes appeals from a judgment convicting him of possession of cocaine with intent to deliver, within 1,000 feet of a school, *see* WIS. STAT. §§ 961.49(1)(b)6 & 961.49(2)(a)2f, and of resisting a law enforcement officer, *see* WIS. STAT. § 946.41(1). Hughes's case was tried to a jury. Although phrased in a variety of different ways, his sole claim on appeal is that the trial court erred when it entered judgment on the jury's finding that Hughes possessed cocaine with intent to deliver within 1,000 feet of a school, as was charged in the amended information, and disregarded the jury's verdict also finding that Hughes simply

135

possessed the cocaine. Although he seeks a new trial on both the cocaine and obstruction charges, Hughes asserts no separate claim in connection with the jury's finding that he was also guilty of obstructing an officer. We affirm.

## I.

¶ 2. The trial court gave the jury three separate verdict forms in connection with the cocaine charge. The first verdict form had two parts and read:

> We, the jury, find the defendant, Isaac Hughes, guilty of Possession With Intent to Deliver Controlled Substance, Cocaine, as charged in the first count of the information.
>
> Yes ___ No ___
>
> If you find the defendant guilty, you must answer the following question: "Did the defendant possess cocaine with intent to deliver while within 1,000 feet of a school?"
>
> Yes ___ No ___

The jury checked the "yes" spaces for each part, and the foreman signed and dated the form. The second verdict form had one part and read:

> We, the jury, find the defendant, Isaac Hughes, guilty of Possession of Cocaine, an included offense, in violation of Section 961.41(3g)(c) of the Criminal Code of Wisconsin at the time and place charged in Count 1 of the information.

The foreman signed and dated this form as well. Although it is not in the record on appeal, the trial court also gave the jury a "not guilty" verdict form in connection with the cocaine charge.

136

¶ 3. The trial court instructed the jury that:

- If it was not satisfied that the State had proven that the defendant possessed cocaine with intent to deliver, it "must not find the defendant guilty of possession with intent to deliver," and "should consider whether the defendant is guilty of possession of cocaine."

- If it was satisfied beyond a reasonable doubt that the defendant knowingly possessed cocaine it "should find the defendant guilty of possession of cocaine."

- The jury was "not, in any event, to find the defendant guilty of more than one of the foregoing offenses," and that if it found the defendant guilty of possessing cocaine with intent to deliver the jury "must not find the defendant guilty of the other lesser included offense."

As noted, the jury found both that Hughes possessed cocaine with intent to deliver and that he possessed cocaine.

¶ 4. When the jury returned its verdicts, the trial court told the jury that it had done too much:

The concern I have deals with the verdict with respect to the lesser included offense, and the instructions in this regard indicates [*sic*] that if you find the defendant guilty of the charge of count one, possession with intent to deliver controlled substance-cocaine within a thousand feet of a school, then it is not necessary to answer this question of possession of cocaine, which is an included offense.

The trial court then conferred with counsel in an off-the-record sidebar, after which the trial court told

137

the jury that it was going to poll the jurors individually "to make sure that the record is clear and that this was the verdict of the jury."[1]

¶ 5. The trial court polled the jury and each juror affirmed that the verdicts were the verdicts to which he or she agreed. The trial court then discharged the jury, and granted the State's motion for "judgment of conviction on the verdict." Hughes's lawyer asked that the trial court enter a "judgment of not guilty on the verdict notwithstanding." Hughes's lawyer did not, on the record at least, ask that the trial court either: 1) direct that the jury choose between the two verdicts finding Hughes guilty in connection with the cocaine charge; 2) enter judgment on the simple possession verdict; or 3) take some other action. In response to the motion by Hughes's lawyer that the trial court find Hughes not guilty of the cocaine charge "notwithstanding" the verdicts, the trial court noted that it "found the testimony to be reasonable and credible, and found that the jury reached a true and fair verdict." Hughes's lawyer made no further comment or objection in connection with the verdicts; accordingly, it is safe to assume that his motion went to the sufficiency of the evidence to convict rather than the jury's return of two "guilty" verdicts in connection with the cocaine charge.

¶ 6. As we have seen, Hughes claims on appeal that the trial court should not have entered a judgment convicting him of the charge as framed by the information — namely, possession of cocaine with intent to deliver within 1,000 feet of a school. He contends that

---

[1] Off-the-record conferences, such as the one held here, violate SCR 71.01(2) and SCR 71.02(2). We again caution trial judges not to hold off-the-record conferences with counsel. *See State v. Mainiero*, 189 Wis. 2d 80, 95 n.3, 525 N.W.2d 304, 310 n.3 (Ct. App. 1994).

the verdict was "perverse and hopelessly ambiguous"; that by entering judgment on the verdict finding Hughes guilty of the possession-with-intent-to-deliver charge, the trial court "invaded the province of the jury," denied Hughes his constitutional right to a unanimous jury (despite the fact that when they were polled all of the jurors told the trial court that they agreed with each of the verdicts), and also endangered "the integrity of the jury trial process" by allegedly sanctioning the jury's disregard of the trial court's instructions. Hughes also asserts, in an alternative argument, that under "the rule of lenity" the trial court should have entered judgment on the lesser-included-charge of possession of cocaine. For the reasons we explain below, the trial court did not err.

## II.

■

¶ 7. Although the State argues that Hughes waived his right to complain about the two "guilty" verdicts in connection with the cocaine charge because he did not object either before the trial court discharged the jury or in post-conviction motions, we believe that it is consistent with judicial economy to address Hughes's claims to avoid later ineffective-assistance-of-counsel proceedings. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443–444, 287 N.W.2d 140, 145–146 (1980) (rule of waiver is one of judicial administration and not one of appellate jurisdiction).

¶ 8. Whether Hughes is entitled to either a new trial or entry of a judgment on the verdict form finding him guilty of simple possession of cocaine presents an issue of first impression in Wisconsin. The issue has arisen in other jurisdictions, however, and no court has held that a trial court violates a defendant's rights by

entering a judgment of conviction on a verdict finding the defendant guilty on the greater charge when the jury also finds the defendant guilty of the lesser-included offense.

¶ 9. We start with a common sense analysis of what the jury did. It is not possible for a person to possess cocaine with intent to deliver without also possessing that cocaine. Indeed, in the context of this case, that is the crux of what a lesser-included offense is: an "included crime" encompasses "[a] crime which does not require proof of any fact in addition to those which must be proved for the crime charged." WIS. STAT. § 939.66(1). *See also State v. Dowe*, 197 Wis. 2d 848, 851, 541 N.W.2d 218, 220 (Ct. App. 1995) ("An offense is a 'lesser-included' offense if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the 'greater' offense."), *reversed on other grounds*, 207 Wis. 2d 129, 557 N.W.2d 812 (1997). Thus, the jury's unanimous findings (confirmed when the trial court polled the jury) that Hughes possessed cocaine with the intent to deliver it, and that he also possessed that cocaine were not inconsistent. Additionally, Hughes does not explain beyond mere rhetoric how the jury's unanimous findings that Hughes both possessed cocaine and that he possessed that cocaine with intent to deliver it was either "perverse" or "ambiguous," or violated any of his rights — constitutional or otherwise. *See State v. Schlise*, 86 Wis. 2d 26, 29, 271 N.W.2d 619, 620 (1978) ("To simply label an alleged procedural error as a constitutional want of due process does not make it so."). Indeed, had the jury followed the trial court's instructions, the jury would have stopped after it unanimously found that Hughes possessed cocaine with in-

tent to deliver within 1,000 feet of a school. Thus, the second "guilty" verdict, which affirmed that Hughes possessed that cocaine, was mere surplusage and is precisely the type of harmless error that WIS. STAT. RULE 805.18(2) commands shall not be the basis for a reversal:

> No judgment shall be reversed or set aside or new trial granted in any action or proceeding on the ground of . . . misdirection of the jury . . . or for error as to any matter of . . . procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial.

RULE 805.18(2) applies to criminal cases as well as civil cases. *See* WIS. STAT. § 972.11(1) ("Except as provided in subs. (2) to (5), the rules of . . . practice in civil actions shall be applicable in all criminal proceedings unless the context of a section or rule manifestly requires a different construction."); *State v. Dyess*, 124 Wis. 2d 525, 547, 370 N.W.2d 222, 234 (1985) (recognizing applicability of RULE 805.18(2) to criminal cases).[2]

¶ 10. As noted, our conclusion that the trial court did not violate any of Hughes's rights when it entered judgment convicting him of possessing cocaine with intent to deliver within 1,000 feet of a school is consistent with decisions from other jurisdictions. Thus, in *People v. Robinson*, 382 N.E.2d 759 (N.Y. 1978), the defendant was charged in connection with two separate drug transactions of: 1) sale of a controlled substance (which the court did not otherwise identify); 2) possession of that controlled substance with intent to sell; and

---

[2] WISCONSIN STAT. § 972.11(2)–(5) are not applicable here.

3) simple possession of that controlled substance. *Id.,* 382 N.E.2d at 760. The trial court told the jury to return only one verdict in connection with each transaction. *Ibid.* As here, the jury in *Robinson* returned verdicts finding the defendant guilty of both possession with intent to deliver and simple possession. *Ibid.*

¶ 11. The trial court polled the jury, which "confirm[ed] the jury's intention to convict [Robinson] of both possession with intent to sell and simple possession of a controlled substance." *Ibid.* Robinson's lawyer objected to the two verdicts on each of the counts, and asked the trial court to return the verdicts to the jury and instruct it to reconsider. *Ibid.* The trial court refused, and, instead, entered judgment of conviction on both counts of possession with intent to sell. *Ibid.*

¶ 12. In affirming, *Robinson* held that "the jury's failure to comply with the court's instructions does not, *per se,* require resubmission of the case to the jury for reconsideration of its verdict" even though a New York statute provided that " '[i]f the jury renders a verdict which in form is not in accordance with the court's instructions or which is otherwise legally defective, the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for such purpose, and to render a proper verdict.' " *Id.,* 382 N.E.2d at 760–761. *Robinson* explained:

> [I]t is abundantly clear that the jury intended to convict appellant of criminal possession of a controlled substance with intent to sell. Its additional finding that appellant was guilty of possession of a controlled substance was mere surplusage, in no way indicative of an inherent inconsistency. In fact, to a jury unschooled in the doctrine of lesser included offense, a verdict of

guilty on those counts of the indictment charging criminal possession with intent to sell as well as those charging criminal possession of a controlled substance must appear quite consistent.

*Id.*, 382 N.E.2d at 761–762 (internal citation omitted). Other courts have reached the same conclusion. *See State v. Engram*, 831 P.2d 362, 363–365 (Ariz. Ct. App. 1991) (affirming trial court's entry of judgment of conviction on the greater charge (second-degree burglary) when jury returned "guilty" verdicts on both the greater charge and its lesser-included offense (criminal trespass)) (collecting cases) (suggesting that error should have been pointed out to jury, which should have then been permitted to deliberate further); *Sanchez v. State*, 490 So. 2d 198, 200 (Fla. Dist. Ct. App. 1986) (affirming trial court's entry of judgment of conviction on the greater charge (trafficking in cocaine) when jury returned "guilty" verdicts on both the greater charge and its lesser-included offense (possession of cocaine)); *United States v. Howard*, 507 F.2d 559, 562, 563 (8th Cir. 1974) (affirming trial court's entry of judgment of conviction on the greater charge when jury returned "guilty" verdicts on both the greater charge (distribution of heroin) and its lesser-included offense (possession of heroin) even though it was instructed not to do so) (suggesting that error should have been pointed out to jury, which should have then been permitted to deliberate further).

¶ 13. Hughes also contends that the trial court erred by not, as phrased by him in his brief on this appeal, "applying the rule of lenity and entering a judgment of conviction on the jury's verdict of guilt of the lesser-included offense of possession of cocaine."

(Uppercasing omitted.) Hughes recognizes that the rule of lenity is used in construing criminal statutes that may be ambiguous, *State v. Kittilstad*, 231 Wis. 2d 245, 267, 603 N.W.2d 732, 742 (1999) (rule or Wisconsin equivalent "does not apply unless a statute is ambiguous"), and contends that the verdicts here are also ambiguous so that the rule, or a newly fashioned equivalent, should be used to reduce the level of his conviction. As we have seen, however, the verdicts are *not* ambiguous; they reflect clearly the jury's conclusion that the State proved beyond a reasonable doubt that Hughes not only possessed cocaine, but, indeed, that he possessed it with intent to deliver. As the New York Court of Appeals explained in an excerpt that we have already quoted: "to a jury unschooled in the doctrine of lesser included offense, a verdict of guilty on those counts of the indictment charging criminal possession with intent to sell as well as those charging criminal possession of a controlled substance must appear quite consistent." *Robinson*, 382 N.E.2d at 761–762.

¶ 14. We are satisfied that although a better practice might have been for the trial court to have asked the jury to continue its deliberations and return only one verdict in connection with the cocaine charge (that is: guilty of possession of cocaine with intent to deliver within 1,000 feet of a school; guilty of possession of cocaine; or not guilty), the trial court did not deprive Hughes of any of his rights in proceeding as it did.

*By the Court.*—Judgment affirmed.