STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert K. HAYES, Defendant-Appellant.†

Court of Appeals

*No. 90-2785-CR. Submitted on briefs June 6, 1991.—Decided February 27, 1992.*

(Also reported in 481 N.W.2d 699.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Ralph A. Kalal* of *Kalal & Habermehl* of Madison.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general, with *Marguerite M. Moeller,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.  Robert K. Hayes appeals from a judgment and sentence for delivery of a controlled substance, sec. 161.41(1)(c)1., Stats., a felony. The trial court withheld sentence and put Hayes on probation for three years and imposed a fine. The dispositive issue is whether the court erred when it concluded that it lacked the power to implement part of a plea agreement, and therefore deleted it from the sentence. The court deleted a provision that if Hayes successfully completed his probation, the case would be reopened and he would be convicted of a misdemeanor, possession of cocaine.[1] We conclude that the court lacked such power. For that reason, the court did not abuse its discretion when it imposed the felony sentence, and we affirm.

Before we review Hayes' contentions, we reject the state's position that because he never moved the trial court to modify his sentence, we should not address the merits of his appeal. The merits pertain to the trial court's power to reopen a judgment after a successful probation. Having raised that issue in the trial court, Hayes is entitled to review as of right of that same issue.

To obtain review of a sentence "as of right," the defendant must move for sentence modification under Rule 809.30, Stats., *State v. Scherreiks*, 153 Wis. 2d 510,

---

[1] The plea agreement provides:

Withheld sentence to 3 years probation conditional upon AODA Assessment and treatment, payment of a $1,000.00 fine, and payment of Court costs. Defendant agrees to fully cooperate in the investigation and prosecution of alleged co-conspirators, including testifying truthfully if called upon to testify. *If the defendant successfully completes his probation, the case shall be reopened and the defendant shall be convicted of possession of cocaine,* provided that he has not committed any criminal offenses while on probation. (Emphasis added.)

516, 451 N.W.2d 759, 761 (Ct. App. 1989), or under sec. 973.19, Stats., *State v. Meyer,* 150 Wis. 2d 603, 604, 442 N.W.2d 483, 484 (Ct. App. 1989). The sentence modification rule is part of the larger rule "that for issues on appeal to be considered as a matter of right, postconviction motions must be made except in challenges to the sufficiency of the evidence under sec. 974.02(2)[Stats. (1979–80)]." *State v. Monje,* 109 Wis. 2d 138, 153a, 325 N.W.2d 695, 327 N.W.2d 641, 641 (1982) (on motion for reconsideration).

Section 974.02(2), Stats., has been expanded since *Monje.* It now provides that "[a]n appellant is not required to file a postconviction motion in the trial court prior to an appeal if the grounds are sufficiency of the evidence or issues previously raised." Hayes raised the reopening issue at the trial court level. He may raise it on appeal as of right without having filed a postconviction motion in the trial court.

Hayes argues that the trial court abused its discretion when it rejected the reopening provision because the court was unsure whether it was valid. He asserts that the court should have continued the sentencing hearing to permit counsel to submit legal authorities on the validity of the provision. We examine his argument no further. The validity of the reopening provision is a question of law. We can and will resolve it without deference to the trial court's view of the law. We decide it now.

Hayes asserts that the prosecutor has the power to enter a plea agreement by which the charge will be amended. He argues that because the prosecutor can amend the charge before the sentence, the prosecutor can amend the charge after the sentence. Hayes mis-

characterizes the plea agreement. The agreement was that the judgment of conviction would be amended, not the charge. No prosecutor can amend a judgment.

Section 973.09(1)(a), Stats., provides in relevant part: "The court may impose any conditions [on probation] which appear to be reasonable and appropriate." Hayes asserts that because the promise of a milder judgment in exchange for a successful probation is a reasonable condition of probation, sec. 973.09(1)(a) authorizes the reopening provision. Hayes is wrong. He confuses rewards with conditions. He proposes an additional reward for successful probation. The only reward for successful probation is discharge.[2]

Hayes argues that because it would implement a disposition previously accepted by the court, to amend a judgment in compliance with a reopening provision is a mere ministerial formality. Hayes points out that the court has the power to conform the judgment to the disposition. He relies on *State v. Perry*, 136 Wis. 2d 92, 401 N.W.2d 748 (1987). The *Perry* court held that when the oral pronouncement of sentence and written judgment conflict, the oral pronouncement controls. *Id.* at 114, 401 N.W.2d at 758. *Perry* does not discuss amending the judgment of conviction after the defendant has served his sentence. Implementing the reopening provision would perhaps be a ministerial formality only if the implementation was an act prescribed by law. Hayes cites no such law, and we find none.

We conclude that the trial court lacked the power to impose probation in accordance with the reopening pro-

---

[2]Section 973.09(5), Stats., provides: "When the probationer has satisfied the conditions of his probation, he shall be discharged and the department shall issue him a certificate of final discharge, a copy of which shall be filed with the clerk."

427

vision in the plea agreement. The court did not abuse its discretion when refusing to do so.

Perhaps it would be desirable if trial courts could amend a judgment of conviction as an additional reward for successful completion of probation. That would be consistent with sec. 973.015(1), Stats., allowing under limited circumstances expungement of a misdemeanor from a record upon successful completion of a sentence.[3] However, no such statute exists.

*By the Court.*—Judgment and sentence affirmed.

---

[3]Section 973.015(1), Stats., provides:

When a person under the age of 21 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum penalty is imprisonment for one year or less in the county jail, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.