STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael EASTMAN, Defendant-Appellant.†

Court of Appeals

*No. 93–2782–CR. Submitted on briefs March 28, 1994.—Decided May 3, 1994.*

(Also reported in 518 N.W.2d 257.)

†Petition to review denied.

405

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Timothy J. Laux,* of *Laux & Associates, S.C.* of Osceola.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Sharon Ruhly,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Michael Eastman appeals a judgment of conviction for two counts of aggravated battery, contrary to § 940.19(2), STATS., and two counts of first-degree reckless injury, contrary to § 940.23(1), STATS., all party to a crime, § 939.05, STATS., and an order denying postconviction relief. Eastman argues that double jeopardy precludes conviction of both

crimes. Because each crime requires proof of different elements, we conclude that double jeopardy is not violated. Accordingly, we affirm the judgment and order.

The convictions arose out of an incident that occurred when Eastman and his brother, Larry "Butch" Eastman, went to the house of one of the victims, Mary Kurtzhals, where Kurtzhals and Randy Wolfe, her boyfriend and the other victim, were sleeping. Eastman previously had an intimate relationship with Kurtzhals.

Butch testified that before the two went to Kurtzhals' the first time, Eastman took a crowbar and a nail puller from Butch's barn. After Eastman had been in Kurtzhals' house, he told Butch he had done the "4.95 works" on Kurtzhals, referring to the crowbar. When Butch entered the house, he saw the injured victims. He saw Eastman pick Mary's head up with the crowbar, and Eastman admitted that he hit Wolfe with the crowbar on this trip.

Eastman and his brother left Kurtzhals' house, and then returned. Eastman bathed Kurtzhals and cleaned her up. According to Butch, Eastman held Wolfe by his hair and kicked him in the head. Butch also testified that Eastman burned Wolfe's penis, and picked Wolfe up by his penis and threw him back on the floor. Matthew Kurtzhals, Mary's son, contradicted the latter testimony.

On their third trip, Eastman and Butch talked Kurtzhals into going to the hospital, but left Wolfe at the house. Wolfe had woken up, but was not walking around, and was not clearheaded. Apparently Wolfe and Kurtzhals were very intoxicated at the time of the initial attack and did not recall the infliction of the injuries.

The case went to the jury, and Eastman was convicted of all four counts charged: two counts of aggravated battery, contrary to § 940.19(2), STATS., and two counts of first-degree reckless injury, contrary to § 940.23(1), STATS. Eastman contends that the conviction for both aggravated battery and first-degree reckless injury violated his right against double jeopardy.

Whether a defendant's convictions violate double jeopardy rights under the Fifth Amendment to the United States Constitution and art. I, § 8, of the Wisconsin Constitution is a question of law. *State v. Sauceda*, 168 Wis. 2d 486, 492, 485 N.W.2d 1, 3 (1992). Therefore, we owe no deference to the decision of the trial court on this issue. *Id.*

The double jeopardy clause is intended to provide three protections: protection against a second prosecution for the same offense after acquittal; protection against a second prosecution for the same offense after conviction; and protection against multiple punishments for the same offense. *Id.* (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). This case deals with the third of these protections. The scope of this constitutional protection is governed by the interpretation of the words "same offense." *State v. Gordon*, 111 Wis. 2d 133, 137, 330 N.W.2d 564, 565 (1983). Whether two statutes proscribe the "same offense" is determined by discerning whether the legislature intended to impose cumulative punishments under each statute. *State v. Kuntz*, 160 Wis. 2d 722, 753-54, 467 N.W.2d 531, 543 (1991).

410

■
Therefore, to determine whether punishment for both first-degree reckless injury and aggravated battery is constitutionally permissible, we must discern whether the legislature intended to permit convictions for both offenses when they arise out of the same criminal transaction. *See id.* at 754, 467 N.W.2d at 543. We note at the outset that the legislature permits prosecution under more than one statute for the same conduct. Section 939.65, STATS.

■
We rely primarily on Wisconsin's lesser included offense statute, § 939.66, STATS., to discern whether the legislature intended multiple punishments. *Kuntz*, 160 Wis. 2d at 754, 467 N.W.2d at 544. This statute precludes conviction under more than one statute for the same criminal act if one crime is an included crime of the other. If one of the charged offenses is not considered a lesser included offense of the other, then this court will conclude that the legislature intended to permit cumulative punishments for both offenses unless other factors clearly indicate a contrary legislative intent. *See id.* at 754-55, 467 N.W.2d at 544.

Eastman argues that first-degree reckless injury is an included offense of aggravated battery, and, consequently, under § 939.66, STATS., he cannot be convicted of both.[1] Eastman bases his argument on § 939.66(3),

---

[1] Section 940.19(2), STATS., aggravated battery, states: "Whoever causes great bodily harm to another by an act done with intent to cause great bodily harm to that person or another with or without the consent of the person so harmed is guilty of a Class C felony." Section 940.23(1), STATS., first-degree reckless injury states: "Whoever recklessly causes great bodily harm to another human being under circumstances which show utter disregard for human life is guilty of a Class C felony."

which states that an included crime may be "[a] crime which is the same as the crime charged except that it requires recklessness or negligence while the crime charged requires a criminal intent." Accordingly, Eastman contends that first-degree reckless conduct is the same as aggravated battery, except that the former requires recklessness while aggravated battery requires criminal intent. He argues, therefore, he cannot be convicted of both. However, because first-degree reckless injury requires a showing of utter disregard for human life, it is not the "same crime" as aggravated battery and, therefore, does not meet the definition of a lesser included offense under § 939.66(3).

To conclude otherwise would render the "utter disregard" clause superfluous. We avoid construing a statute to render a clause superfluous. *State v. McCrossen*, 129 Wis. 2d 277, 298, 385 N.W.2d 161, 170 (1986). The "utter disregard" clause has been construed as evincing a depraved mind, regardless of life. *See* Judicial Council Committee Note to § 940.02, STATS.; *Balistreri v. State*, 83 Wis. 2d 440, 446-50, 265 N.W.2d 290, 293-94 (1978); *State v. Weso*, 60 Wis. 2d 404, 408-09, 210 N.W.2d 442, 444-45 (1973). "Utter disregard" is an aggravating factor and "should signify a zone of highly dangerous, extreme behavior . . . ." Walter Dickey, et al., *The Importance of Clarity in the Law of Homicide: The Wisconsin Revision*, 1989 WIS. L. REV. 1323, 1358-59.

Citing *Randolph v. State*, 83 Wis. 2d 630, 266 N.W.2d 334 (1978), the Jury Instruction Committee explains that the requirement that the "lesser crime" be "the same as" the charged "has been interpreted to involve the same strict comparison of statutory ele-

ments that applies under 939.66(1)."[2] Wis J I—Criminal SM-6 at 5 (1980). Therefore subsec. (3) does not apply where the lesser offense involves any element not contained within the charged offense. Utter disregard for human life is an additional element.

Eastman contends that while at first glance it appears that first-degree reckless injury has an additional element, it does not. Eastman argues that utter disregard for human life merely serves to distinguish first- from second-degree reckless injury, a lesser included offense of first-degree reckless injury. This argument actually supports our conclusion that utter disregard is an additional element that makes first-degree reckless injury and aggravated battery different crimes. If utter disregard were not an additional element that has to be proven to establish a violation of § 940.23(1), Stats., then there would be absolutely no differences between § 940.23(1) and (2). Placing § 940.23(1) and § 940.19(2) side by side, we conclude that the elements differ, therefore, they are not the same crime. Accordingly, § 940.23(1), first-degree reckless injury, is not a lesser included offense of § 940.19(2), aggravated battery. Consequently, absent

---

[2] Section 939.66(1), Stats., codifies the *Blockburger* "elements only" test. *See Blockburger v. United States*, 284 U.S. 299 (1932). Under the "elements only" test, an "offense is a 'lesser included' one only if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the 'greater' offense." *Hagenkord v. State*, 100 Wis. 2d 452, 481, 302 N.W.2d 421, 436 (1981). We note that because first-degree reckless injury requires the additional element of utter disregard for human life, it is not a lesser included offense under § 939.66(1) either.

a clear indication of legislative intent to the contrary, punishment for both crimes is constitutionally permissible.

■

Other factors that may indicate a contrary legislative intent regarding multiple punishment are the statutory language, the legislative history, the nature of the proscribed conduct and the appropriateness of multiple punishment. *Kuntz*, 160 Wis. 2d at 756, 467 N.W.2d at 545. There is no indication that the legislature did not intend to permit cumulative punishments for convictions under § 940.23(1) and § 940.19(2), STATS. Eastman's only argument is that conceptually it is impossible to show that the same act was both reckless and intentional, apparently arguing the legislature therefore could not have intended to permit a conviction for both. We disagree.

■

While a single blow to the victim can support an aggravated battery charge, it would not necessarily support a charge of first-degree reckless conduct. On the other hand, multiple subsequent blows to unconscious victims, and then leaving the victims in their unconscious state could support a conviction of first-degree reckless conduct, but might not support a conviction of aggravated battery. The two statutes are significantly different and attempt to protect two separate interests of the victim: not being harmed on purpose and not being harmed by virtue of being placed in a substantially hazardous situation. The nature of the conduct proscribed in each statute is different. Therefore, the presumption that the legislature intended to permit multiple convictions, and thus punishments, for first-degree reckless endangerment and aggravated battery is not rebutted.

414

*By the Court.*—Judgment and order affirmed.