STATE of Wisconsin, Plaintiff-Respondent,

v.

Trevor A. MCKEE, Defendant-Appellant.†

Court of Appeals

*No. 97–0163–CR. Submitted on briefs April 23, 1997.—Decided July 24, 1997.*

(Also reported in 569 N.W.2d 93.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Charles B. Vetzner*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Robert A. Selk,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

Before Eich, C.J., Dykman, P.J., Deininger, J.

DEININGER, J.   Trevor McKee appeals a judgment convicting him of aggravated battery and first-degree reckless injury, both as a repeater. He also appeals an order denying postconviction relief. He argues that his no contest plea was not knowing and voluntary because the trial court failed to inform him which aspect of his conduct supported which of the charges against him. We conclude that the trial court properly followed procedures required to ascertain the defendant's understanding of the nature of the charges. Accordingly, we affirm.

## BACKGROUND

McKee pleaded no contest to charges of aggravated battery and first-degree reckless injury, both as a repeater. The charges arose from an incident in which McKee struck a man in the face, knocked him to the ground, and then repeatedly kicked him in the face and head. The victim suffered "critical injuries to his skull described as life-threatening."

At the conclusion of the plea proceeding, the trial court determined that McKee understood the nature of the offenses and the implications of the plea, and that McKee had voluntarily and intelligently entered the plea. After sentencing, McKee moved to withdraw his plea, claiming that he had not understood the nature of the charges. The trial court concluded that the plea proceeding had been adequate and denied the motion.

## ANALYSIS

We employ a two-step process to review a trial court's decision to deny the withdrawal of a plea. *State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12, 26 (1986). First, we review the plea hearing transcript to

determine whether the defendant has made a prima facie showing that the trial court did not comply with the procedures required by § 971.08, STATS.[1] *State v. Mohr*, 201 Wis. 2d 693, 697, 549 N.W.2d 497, 498 (Ct. App. 1996). To make the prima facie showing, a defendant must allege that he or she did not know or understand some part of the information required to be provided at the plea hearing, and the defendant must show that the trial court failed to follow the procedures necessary to properly accept a plea. *Bangert*, 131 Wis. 2d at 274, 389 N.W.2d at 26. If the defendant makes the prima facie showing, the burden shifts to the State to demonstrate by "clear and convincing evidence" that the defendant entered the plea "knowingly, voluntarily and intelligently." *Id.* (citations omitted). Whether a defendant has made a prima facie showing that the plea hearing procedures were defective is a matter of law which we review de novo, owing no deference to the trial court's determination. *State v. Issa*, 186 Wis. 2d 199, 205, 519 N.W.2d 741, 743 (Ct. App. 1994).

Before a trial court may accept a no contest plea, it is required "to determine a defendant's understanding of the nature of the charge at the plea hearing." *Bangert*, 131 Wis. 2d at 267, 389 N.W.2d at 23; § 971.08(1)(a), STATS. The court must establish that the defendant has "an awareness of the essential elements of the crime." *Bangert*, 131 Wis. 2d at 267, 389 N.W.2d at 23 (citation omitted). The trial court may accomplish

---

[1] Section 971.08(1)(a), STATS., states in relevant part:

(1)   Before the court accepts a plea of guilty or no contest, it shall do all of the following:

(a)   Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.

this in any one of three ways: (1) by personally summarizing the elements for the defendant; (2) by asking defense counsel whether he or she explained the elements to the defendant, and then asking the lawyer to reiterate what was explained to the defendant; or (3) by expressly referring to the record or other evidence of the defendant's knowledge of the nature of the charge established prior to the plea hearing. *Id.* at 268, 389 N.W.2d at 23. This list is not "exhaustive," but rather indicates that the method chosen by the trial court must do more than "merely . . . perfunctorily question the defendant about his understanding of the charge" or record "a perfunctory affirmative response by the defendant." *Id.*, 389 N.W.2d at 24.

At the plea hearing, the trial court ascertained that McKee was twenty-three years old, had completed the eleventh grade in school and that he could read, write and understand the English language. McKee stated that he had signed the Request to Enter Plea and Waiver of Rights form. The court discussed with McKee the constitutional rights which he would be waiving by making the plea and the potential penalties to which he would be subject as a result of the plea. The court also determined that there was a factual basis for acceptance of the plea. (In his brief, McKee states that he is not challenging the existence of a factual basis for the plea or the use of a stipulation to establish that a factual basis existed. He concedes that he "knew he attacked [the victim] and injured him.")

The court then questioned McKee regarding his understanding of the nature of the charges:

> THE COURT: You . . . understand that the elements of the offenses to which you are pleading are set forth in paragraph number 11 which references

the attached jury instructions. Did you have a chance to review those jury instructions and the elements with Ms. Riley [defendant's counsel] along with the Guilty Plea Questionnaire?

MR. MCKEE: Yes.

. . . .

THE COURT: Ms. Riley, do you believe your client understands the nature of the offense and the implications of his Plea?

MS. RILEY: Yes, your Honor.

THE COURT: Then, I find that the defendant freely, voluntarily and intelligently is entering his Plea. I find that he understands the nature of the offense and the implication of his Plea. I find that there is a factual basis upon which I may accept his Plea.

The trial court thus combined the second and third methods described in *Bangert* for determining a defendant's understanding of the nature of the charge. The court referred to evidence of McKee's knowledge of the nature of the charge by establishing that he had reviewed the jury instructions with his counsel, and elicited defense counsel's opinion that McKee understood the nature of the offenses. McKee does not claim here, nor did he in the trial court, that his counsel ineffectively represented him during the plea proceedings. We are satisfied that the trial court fulfilled the requirements for the acceptance of a plea under *Bangert* and § 971.08, STATS.

McKee, however, argues that because of the "complexity of the charge[s]," more is required to establish an understanding of the nature of the charges than simply showing that he understood the factual basis for the plea and the elements of the charges. He claims

that while he possessed a "theoretical understanding of the two crimes," he "lacked an awareness of the particular conduct which supported each offense." He refers us to *State v. Eastman*, 185 Wis. 2d 405, 518 N.W.2d 257 (Ct. App. 1994), to support his argument that the trial court was required to perform the "additional step" of explaining which facts of his attack supported which charge. In *Eastman*, we stated:

> While a single blow to the victim can support an aggravated battery charge, it would not necessarily support a charge of first-degree reckless conduct. On the other hand, multiple subsequent blows to unconscious victims, and then leaving the victims in their unconscious state could support a conviction of first-degree reckless conduct, but might not support a conviction of aggravated battery. The two statutes are significantly different and attempt to protect two separate interests of the victim: not being harmed on purpose and not being harmed by virtue of being placed in a substantially hazardous situation. The nature of the conduct proscribed in each statute is different.

*Id.* at 414, 518 N.W.2d at 260. McKee states that he is not arguing for a "new procedure" which would be "universally applied" in all plea hearings, but rather that when certain, unspecified combinations of charges stemming from one incident are pleaded to, a trial court must inform a defendant of the facts which support each charge.

We reject McKee's argument that the nature of the charges in this case require a new procedure or additional step beyond the requirements of *Bangert*. We have previously rejected a similar argument for a special or additional step beyond the *Bangert* requirements. The defendant in *State v. Duychak*, 133

Wis. 2d 307, 311, 395 N.W.2d 795, 797 (Ct. App. 1986), decided two months after *Bangert,* sought to have a plea set aside because the trial court "failed to explain or insure that [the defendant] understood the elements of the offense as they applied to the specific facts involved." Like McKee, the defendant in *Duychak* argued that special circumstances (there, the conjunction of a guilty plea with one of not guilty by reason of mental disease or defect) imposed a "greater burden" on the trial court to ensure plea acceptance procedures are met. *Duychak,* 133 Wis. 2d at 311, 395 N.W.2d at 797. We rejected the argument and concluded that the trial court's compliance with one of the alternatives spelled out in *Bangert* sufficiently reflected the defendant's understanding of the nature of the offense. *See Duychak,* 133 Wis. 2d at 313–14, 395 N.W.2d at 798–99.

McKee has not referred us to any authority requiring a trial court to go beyond the procedures outlined in *Bangert* for accepting a plea. In *Eastman,* we discussed whether first-degree reckless injury is an included offense of aggravated battery; we did not address the trial court's obligations in ascertaining a defendant's understanding of the nature of the charges at a plea hearing. *See Eastman,* 185 Wis. 2d at 411–12, 518 N.W.2d at 259.

We agree with McKee that the procedure selected by the trial court to ascertain a defendant's understanding "depends on the circumstances of the particular case, including the level of education of the defendant and the complexity of the charge." *Bangert,* 131 Wis. 2d at 267–68, 389 N.W.2d at 23. Here, the trial court ascertained that McKee had completed eleventh grade; could read, write and understand English; and that he had read and discussed the elements of the

offenses with defense counsel. McKee concedes that nothing more would be required if he had been charged with one or the other of the offenses to which he pleaded. In concluding that more is not required simply because McKee pleaded to both, we concur with the following remarks of the trial court at the postconviction hearing:

> I think in a perfect world we would spend hours maybe on any Plea, and given the nature of calendaring and the fact that Plea Agreements do exist and this hearing was not short-handed by any description, that this was a legitimately detailed colloquy, along with the paperwork.
>
> . . . .
> . . . [I]t was more than legally sufficient. I'm just conceding that more could have been done, but I don't know where that stops, and I couldn't draw a line where it does stop, because I can't jump into Mr. McKee's body and his brain and figure out for myself whether he really knows.

We conclude that the trial court properly followed the procedures for accepting a plea. McKee has failed to make a prima facie showing that the plea was not entered knowingly and voluntarily. Accordingly, we affirm the judgment of conviction and the order denying postconviction relief.

Since we conclude that McKee has not shown that the plea proceedings were defective, it is not necessary for us to consider other evidence in the record that would indicate he understood the nature of the charges to which he pleaded. (We note, however, that at the conclusion of McKee's preliminary hearing on these charges, which was held seventeen days prior to the plea, both the prosecutor and the court reviewed the

evidence presented at the hearing and related it to the elements of aggravated battery and first-degree reckless injury.)

*By the Court.*—Judgment and order affirmed.