STATE of Wisconsin, Plaintiff-Respondent,

v.

Russell L. DIBBLE, Defendant-Appellant.†

Court of Appeals

*No. 02–0538–CR. Submitted on briefs June 18, 2002.—Decided July 17, 2002.*

2002 WI App 219

(Also reported in 650 N.W.2d 908.)

† Petition to review denied 10-21-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven P. Weiss*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *David J. Becker*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Russell Dibble appeals a judgment of conviction for two counts of aggravated battery, contrary to Wis. Stat. § 940.19(5)[1], and an order denying postconviction relief. The State originally charged Dibble with two counts of aggravated battery and two counts of first-degree recklessly endangering safety, contrary to Wis. Stat. § 941.30(1). Dibble pled guilty to the two battery charges and the endangering safety counts were dismissed. On appeal, Dibble argues his plea was illusory because first-degree recklessly endangering safety is a lesser included offense of aggravated battery. We determine first-degree recklessly endangering safety is not a lesser included offense of aggravated battery and therefore affirm the judgment and order.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

## BACKGROUND

¶ 2. On August 3, 2000, Dibble attacked his estranged wife, Georgia, and her friend, Charles Voight, with a large wooden club. Earlier that day, Dibble had followed Georgia and Voight from Wausau to Voight's home in Mercer. Upon arriving in Mercer, Dibble repeatedly drove past Voight's house. That evening, Georgia and Voight were sitting outside when Dibble approached them with the club. He hit Georgia approximately five times on the head and upper body. He then attacked Voight, hitting him three times on the head, and then left the area. After Voight's neighbor telephoned for help, Georgia and Voight were taken to the hospital and treated.

¶ 3. Following Dibble's arrest the next day, he was charged with two counts each of aggravated battery and first-degree recklessly endangering safety. Pursuant to a plea agreement, Dibble pled guilty to the two counts of aggravated battery and the State dismissed the endangering safety charges. On the first count, the court sentenced Dibble to ten years in prison and five years of extended supervision and imposed and stayed a five-year sentence on the second count. The court also gave Dibble ten years of probation.

¶ 4. After sentencing, Dibble brought a motion for postconviction relief, arguing his plea was illusory because the reckless endangerment charge was a lesser included offense of aggravated battery. Dibble argued because the State could not have convicted him of both of these crimes, he gained nothing from his plea bargain and therefore his plea was not made knowingly, voluntarily and intelligently. The court denied Dibble's motion and he appeals.

## DISCUSSION

¶ 5. A plea to a legal impossibility renders the plea an uninformed one. *State v. Woods*, 173 Wis. 2d 129, 140, 496 N.W.2d 144 (Ct. App. 1992). Both the United States and Wisconsin Constitutions prohibit multiple punishments for the same offense. U.S. CONST. amend. V; WIS. CONST. art. I, § 8. When a court imposes multiple punishments for crimes arising from the same criminal act, the constitutionality of these punishments depends on whether the state legislature intended there be multiple punishments. *State v. Gordon*, 111 Wis. 2d 133, 137, 330 N.W.2d 564 (1983). We presume the legislature intended to allow multiple punishments if each of the charges in question are not lesser included offenses of each other. *State v. Sauceda*, 168 Wis. 2d 486, 495, 485 N.W.2d 1 (1992). We rely primarily on WIS. STAT. § 939.66 to determine whether the legislature intended multiple punishments. *State v. Eastman*, 185 Wis. 2d 405, 411, 518 N.W.2d 257 (Ct. App. 1994). In addition, we may also determine the legislature's intent from the statutory language, legislative history, the nature of the proscribed conduct and the appropriateness of multiple punishments. *Id.* at 414.

¶ 6. Dibble makes two arguments why first-degree recklessly endangering safety under WIS. STAT. § 941.30(1) is a lesser included offense of aggravated battery under WIS. STAT. § 940.19(5). His first, we believe, is implicitly based on WIS. STAT. § 939.66(1),[2]

---

[2] While Dibble does not specifically refer to WIS. STAT. § 939.66(1) in his brief, his argument relies on an analysis similar to that of the statute.

which defines a lesser included offense as "a crime which does not require proof of any fact in addition to those which must be proved for the crime charged." This is a codification of the "elements-only" test created in *Blockburger v. United States*, 284 U.S. 299 (1932). Under this test, an offense is lesser included only if all of its statutory elements can be proved without proof of any fact or element in addition to those that must be proved for the greater offense. *State v. Carrington*, 134 Wis. 2d 260, 265, 397 N.W.2d 484 (1986). In applying this test, our inquiry is limited to the statutory elements only, not the specific facts of the case. *Id.* at 264.

¶ 7. Dibble argues the elements of first-degree recklessly endangering safety are subsumed in the elements of aggravated battery, or, put another way, that a person who commits aggravated battery necessarily commits first-degree recklessly endangering safety. Aggravated battery under Wis. Stat. § 940.19(5) has two elements: (1) causing great bodily harm (2) with the intent to cause great bodily harm or substantial bodily harm.[3] *See* Wis JI—Criminal 1225. First-degree recklessly endangering safety under Wis. Stat. § 941.30(1) has three elements: (1) endangering safety (2) by reckless conduct (3) under circumstances which show utter disregard for human life.[4] *See* Wis

---

[3] Wisconsin Stat. § 940.19(5) provides: "**Battery; substantial battery; aggravated battery**. .... **(5)** Whoever causes great bodily harm to another by an act done with intent to cause either substantial bodily harm or great bodily harm to that person or another is guilty of a Class C felony."

[4] Wisconsin Stat. § 941.30(1) provides: "**Recklessly endangering safety. (1)** First-degree recklessly endangering safety. Whoever recklessly endangers another's safety under circumstances which show utter disregard for human life is guilty of a Class D felony."

JI—CRIMINAL 1345. Dibble argues the act of endangering safety is subsumed under causing great bodily harm, and acting recklessly while showing utter disregard for human life is included in intending to cause great or substantial bodily harm.

¶ 8. In support of his argument, Dibble relies on *Hawthorne v. State*, 99 Wis. 2d 673, 299 N.W.2d 866 (1981), and *State v. Weeks*, 165 Wis. 2d 200, 477 N.W.2d 642 (Ct. App. 1991). In *Hawthorne*, our supreme court determined endangering safety by conduct regardless of life is a lesser included offense of first-degree murder. *Hawthorne*, 99 Wis. 2d at 682. The court said conduct evincing a depraved mind regardless of human life, the mental element of endangering safety at the time, is present whenever someone has the intent to take another's life, the mental element of then-first-degree murder. *Id.* In addition, the court said the act of endangering safety always occurrs when a person attempts to kill another. *Id.* In 1987, the legislature replaced the phrase "evincing a depraved mind, regardless of human life," to "show utter disregard for human life." *State v. Edmunds*, 229 Wis. 2d 67, 75–76, 598 N.W.2d 290 (Ct. App. 1999). In *Weeks*, we determined this analysis survived the modification of the criminal code, and the new first-degree recklessly endangering safety is a lesser included offense of the new first-degree intentional homicide. *Weeks*, 165 Wis. 2d at 205–06.

¶ 9. Essentially, Dibble is arguing it is impossible for a person to commit aggravated battery without also engaging in first-degree recklessly endangering safety. On its face, this contention has a certain appeal. The "great bodily harm" required by WIS. STAT. § 940.19(5) is defined as "bodily injury which creates a substantial risk of death, or which causes a serious permanent disfigurement, or which causes a permanent or pro-

tracted loss or impairment of the function of any bodily member or organ or other serious bodily injury." Wis. Stat. § 939.22(14). It is tempting to say anyone who acts with intent to cause these types of injuries is acting without regard for human life. However, a closer examination shows the legislature did not intend first-degree recklessly endangering safety to be a lesser included offense of aggravated battery.

¶ 10. Initially, we note there is a considerable overlap between Wis. Stat. §§ 940.19(5) and 941.30(1). " 'Criminal recklessness' means that the actor creates an unreasonable and substantial risk of death or great bodily harm to another human being and the actor is aware of that risk." Wis. Stat. § 939.24(1). If this definition is inserted into § 941.30(1), then the crime could be fairly described as *endangering another's safety by creating an unreasonable and substantial risk of death or great bodily harm under circumstances which show an utter disregard for human life.* Aggravated battery under § 940.19(5) involves causing great bodily harm, which by definition can include injuries presenting a substantial risk of death. Wis. Stat. § 939.22(14). The act required for a violation of § 941.30(1) is arguably a lesser included one of the act required under § 940.19(5).

¶ 11. Aggravated battery and first-degree recklessly endangering safety differ, however, in their remaining elements, and this is what ultimately disproves Dibble's argument. Battery requires criminal intent, and endangering safety requires criminal recklessness while showing utter disregard for human life. A crime is a lesser included offense if it is the same crime as the greater one except that the lesser offense requires recklessness and the greater crime requires criminal intent. Wis. Stat. § 939.66(3). In order for this section

to apply, however, the crimes must otherwise be the same, which is not the case here. Nothing in the aggravated battery statute parallels the "utter disregard" element in first-degree recklessly endangering safety.

¶ 12. Our conclusion is supported by our decision in *Eastman*. There, we held first-degree reckless *injury* under WIS. STAT. § 941.23(1) (1991–92) was not a lesser included offense of aggravated battery under WIS. STAT. § 940.19(2) (1991–92). *Eastman*, 185 Wis. 2d at 412. We determined there was no counterpart for the "utter disregard" element of reckless injury in aggravated battery. *Id.* Utter disregard is meant to be an "aggravating factor" and signifies a zone of highly dangerous, extreme behavior. *Id.* (citing WALTER DICKEY, ET AL., *The Importance of Clarity in the Law of Homicide: The Wisconsin Revision,* 1989 WIS. LAW. REV. 1323, 1358–59). This factor is what separates first- and second-degree reckless crimes. *See Eastman,* 185 Wis. 2d at 413; *see also* comment to WIS JI—CRIMINAL 924.1.

¶ 13. While *Eastman* involved different crimes from those here, the analysis is applicable. The aggravated battery statute at issue in *Eastman* defined the crime as causing "great bodily harm to another by an act done with intent to cause great bodily harm to that person or another with or without the consent of the person so harmed." *Eastman,* 185 Wis. 2d at 411 n.1. We determined the "utter disregard" element of reckless injury was an additional element that prevented the crime from being a lesser included offense of aggravated battery. *Id.* at 413. Here, we are presented with a definition of aggravated battery that requires causing great bodily harm with intent to cause great or substantial bodily harm. The aggravated battery definition in *Eastman* and the one here are very similar, and we

282

conclude the "utter disregard" element is not found within Wis. Stat. § 940.19(5).

¶ 14. Dibble argues we merged the "utter disregard" and "reckless" elements in *Edmunds*. There, a child care provider was convicted of first-degree reckless homicide after she shook to death the baby she was caring for. *Edmunds*, 229 Wis. 2d at 71. On appeal, she argued there was insufficient evidence to support a finding she acted with "utter disregard for human life." *Id.* at 74. Nowhere in our decision did we equate the reckless element of first-degree reckless homicide with the "utter disregard" element. In fact, after listing the crime's elements, we noted the reckless elements of the crime were found in elements two and three; the only place the phrase "utter disregard for human life" is found in the list is in element four. *Id.* at 75.

██

¶ 15. Our determination is supported by a further reading of the entirety of Wis. Stat. § 941.30. If, as Dibble suggests, the "reckless" and "utter disregard" elements were merged, there would be no difference between § 941.30(1) and (2). We must avoid construing a statute to render a clause superfluous. *Eastman*, 185 Wis. 2d at 412. When Wis. Stat. §§ 940.19(5) and 941.30(1) are fully defined, they do have very similar language. Recklessly creating an unreasonable and substantial risk of death or great bodily harm is very likely subsumed under causing great bodily harm while intending to cause great bodily harm or substantial bodily harm. Aggravated battery, however, does not have an element that encompasses first-degree recklessly endangering safety's "utter disregard for human life."

¶ 16. Dibble's second argument is based on Wis. Stat. § 939.66(3), which makes a crime a lesser included offense if it is the "same as the crime charged except

that it requires recklessness or negligence while the crime charged requires a criminal intent." Dibble argues aggravated battery and first-degree recklessly endangering safety are the same except for their mental element. We have already determined that because first-degree recklessly endangering safety requires a showing of utter disregard for human life not found in aggravated battery, these two sections are not the "same crime" under § 939.66(3).

¶ 17. Although we may also consider other factors in determining the legislature's intent regarding multiple punishments, such as the legislative history, the nature of the crimes and the appropriateness of multiple punishment, Dibble has not made any arguments of this nature. In addition, we see no indication the legislature did not intend to allow multiple punishments for these crimes.

¶ 18. Because we conclude first-degree recklessly endangering safety is not a lesser included offense of aggravated battery, we need not address Dibble's claim his plea was illusory. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (if a decision on one point disposes of the appeal, an appellate court need not address the other issues raised).

*By the Court.*—Judgment and order affirmed.