Kathleen Sanchez, Plaintiff-Respondent,
West Bend Mutual Insurance Company, Involuntary-Plaintiff,
v.
William R. Rude and Heritage Mutual Insurance Company, Defendants-Appellants.
No. 03-1967.
Court of Appeals of Wisconsin.
Opinion Filed: August 5, 2004.
Before Dykman, Lundsten and Higginbotham, JJ.
¶1 PER CURIAM.
William Rude and his insurer (collectively, Rude) appeal a judgment holding them liable for personal injuries suffered by Kathleen Sanchez when she slipped and fell in a parking lot owned by Rude. Rude contends the trial court erred in denying his summary judgment motion; the trial court erroneously instructed the jury it could draw negative inferences based on the loss of photographs within Rude's control; photographs of the parking lot taken years after the incident should have been excluded from evidence; and the evidence was insufficient to support the verdict. We reject Rude's claims for the reasons discussed below, and affirm the judgment.

Summary Judgment
¶2 Rude moved for summary judgment on the ground that Sanchez had failed to provide materials sufficient to show that Rude had actual or constructive knowledge of any ice which had formed in the parking lot. However, the materials before the trial court included an affidavit of Carlos Acevedo, who averred that he had observed ice in the parking lot on the day of the incident; that snow had melted and refrozen days prior to the incident; that the ice on which Sanchez fell appeared to have come from run-off from a downspout; and that the area where Sanchez fell was a known problem area that routinely needed salting.
¶3 Rude argues that the facts asserted by Acevedo were contradicted and outweighed by the materials that had been presented. The test for summary judgment, however, is whether there are any material facts in dispute that entitle the opposing party to a trial. Frost v. Whitbeck, 2001 WI App 289, ¶6, 249 Wis. 2d 206, 638 N.W.2d 325, aff'd, 2002 WI 129, 257 Wis. 2d 80, 654 N.W.2d 225. We are satisfied that the Acevedo affidavit was sufficient to create a material issue of fact for trial as to whether Rude had constructive notice of the dangerous condition of the area of the parking lot where Sanchez fell. The trial court, therefore, properly denied Rude's motion for summary judgment.

Instruction on Missing Photographs
¶4 An insurance adjuster testified that he took pictures of the parking lot the day after the incident, but could not find those pictures in his file. The trial court ruled that the loss of the photographs was not intentional or egregious, and it refused to sanction Rude by barring any liability defense. However, the court further determined that Rude had nonetheless negligently violated his duty to preserve evidence, and concluded that a missing evidence instruction would be appropriate. See Garfoot v. Fireman's Fund Ins. Co., 228 Wis. 2d 707, 720, 599 N.W.2d 411 (Ct. App. 1999). Accordingly, the court instructed the jury, based on WIS JICIVIL 410, that pictures had existed which were no longer available and that the jury could infer that the pictures would have been favorable to Sanchez. On motions after verdict, the court explained that it found a reasonable relationship between the failure to produce the evidence and an inference that the evidence would have been unfavorable to the party who failed to produce it, due to the number of witnesses who testified that the lot was icy on the day of the incident. The court's decision represented a reasonable application of the appropriate legal standard to the facts before it. See Featherly v. Continental Ins. Co., 73 Wis. 2d 273, 282, 243 N.W.2d 806 (1976) (discussing criteria for absent witness instruction).

Admission of Subsequent Photographs
¶5 Rude contends on appeal that the trial court erred in admitting photographs of the parking lot that were taken five years after the incident. During trial, however, defense counsel informed the court that he had no objection to the pictures "if an instruction is given that there's been no evidence and no showing that these conditions existed on the day of the accident." The trial court advised the jury that "those photos were not taken on the day of or shortly after the accident necessarily, and there is certain testimony describing what the conditions of the property were on the day of the accident. Therethere is not a claim that these fairly and accurately represent what the property looked like condition-wise, weather-wise, and there is testimony regarding that. And you have to consider the testimony in relation to those photographs that are depicting and describing the general nature of the property." Because the trial court fulfilled defense counsel's condition for withdrawing counsel's objection, we deem the issue waived and will not consider it on appeal. See State v. Hayes, 167 Wis. 2d 423, 425-26, 481 N.W.2d 699 (Ct. App. 1992).

Sufficiency of the Evidence
¶6 When reviewing the sufficiency of the evidence to sustain a verdict, we view the evidence in the light most favorable to the verdict. See WIS. STAT. § 805.14(1) (2001-02);[1]State v. Johannes, 229 Wis. 2d 215, 221-22, 598 N.W.2d 299 (Ct. App. 1999). We will sustain a verdict that is supported by any credible evidence, even if we might consider contradictory evidence to be more persuasive, leaving the credibility of witnesses and drawing of inferences to the jury. Richards v. Mendivil, 200 Wis. 2d 665, 670-72, 548 N.W.2d 85 (Ct. App. 1996).
¶7 Rude contends that the evidence presented at trial was insufficient to establish that he had constructive notice of an ice hazard in the parking lot from which a duty to salt might arise, because there was no direct testimony regarding how long the patch of ice Sanchez slipped on had been there. "`The general rule is that constructive notice is chargeable only where the hazard has existed for a sufficient length of time to allow the vigilant owner or employer the opportunity to discover and remedy the situation.' Ordinarily, constructive notice cannot be found where there is no evidence as to the length of time the condition existed." Kaufman v. State St. Ltd. P'ship, 187 Wis. 2d 54, 59, 522 N.W.2d 249 (Ct. App. 1994) (citation omitted).
¶8 Rude is correct that no one could testify precisely when and how the specific ice patch that Sanchez slipped on had formed. There was, however, testimony from multiple witnesses that there was an ongoing problem with ice in the parking lot because snow on the roof would melt during the day, run down a downspout and flow into the parking lot, and then freeze overnight. Given the proximity of the downspout to the ice patch at issue here, the jury could make a reasonable inference that that was how the patch had formed. Based on evidence of an ongoing problem, the jury could also reasonably determine that Rude should have been aware of the need to check for ice in the parking lot in the mornings during winter, and should have made arrangements to have someone do so, just as arrangements had been made for early-arriving employees to shovel and salt near the entryways as necessary.
¶9 In addition, one of Sanchez's co-workers, Hector Rodriguez, testified that he had observed spots of ice in the parking lot when he arrived at work at 5:30 that morning. The jury could fairly infer from Rodriguez's testimony that the specific ice patch on which Sanchez slipped had been there for at least two hours before she arrived about 7:30 a.m. The jury could further determine that two hours was a reasonable amount of time in which to have remedied the situation, given that Rodriguez had time to shovel and salt around the entrances to the building before Sanchez arrived. In sum, we are satisfied that there was credible evidence to support the jury's verdict of negligence.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.